*120 OPINION.
Smith :
The petitioner claims that the fair market value on March 1, 1913, of the property sold in 1919 was $42,000. It originally based such claim upon a comparison of a warehouse property in an adjoining block which was sold on January 1, 1912, for $20,000. At the hearing it presented the testimony of two real estate men from Shreveport qualified to give expert opinions as to the value of the property in question. They have testified that in their opinion the fair market price or value on March 1, 1913, was at least $42,000. One witness testified that the value of the land was about $150 per front foot and that the value of the building was approximately $18,000, making a total fair market value on March 1, 1913, of between $42,000 and $44,000. The other witness testified that in his opinion the petitioner’s property had a value at the basic date of $140 per front foot for the land and $17,500 for the building. The Commissioner has made his computation of value solely upon the basis of the petitioner’s books of account.
We are of the opinion that the petitioner’s books of account, in the circumstances in this case, are not evidence of the fair market price or value of the property on March 1, 1913. The only evidence before us as to the fair market price or value of the property at the basic date is the testimony of the expert witnesses, and their unchallenged testimony is to the effect that the value was at least $42,000. Depreciation was sustained on the building, which had a value on March 1, 1913, of $17,500, at 2½ per cent per annum from March 1, 1913, to the date of sale.
Judgment will be entered on 15 days’ notice, under Bule 50.